946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Cabral PEREZ, Defendant-Appellant.
 No. 90-5503.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1991.
Decided Oct. 9, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-89-140-R)
 Argued: Lance Mitchell Hale, Roanoke, Va., for appellant.
 Joseph William Hooge Mott, Assistant United States Attorney, Roanoke, Va., for appellee.
 On Brief: E. Montgomery Tucker, United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Maurice Cabral Perez was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(iii). He was sentenced according to the United States Sentencing Guidelines to 121 months' imprisonment. On appeal, Perez raises claims of error in the district court's denial of his suppression of evidence and new trial motions. We affirm.
 
 
 2
 Federal, state, and local law enforcement officers were engaged in a cooperative effort to combat the trade in illegal drugs in the Roanoke, Virginia area. As part of that effort, several officers were returning from the execution of a search warrant when they observed Perez, holding a bottle of beer, speaking on a public telephone located on the sidewalk in front of a restaurant. Perez was dressed in multicolored clothing recognized by the officers as similar to that worn by people from the West Indies. Agents Kirkland, Congelton, and Salamme of the Immigration and Naturalization Service, and some other law enforcement officers, including investigator Brown of the Roanoke Vice Squad, then approached Perez to determine his immigration status. They had heard he associated with Haitians. The officers suspected that Perez was Haitian and were therefore concerned that Perez was in the country illegally. They also had information that Perez was involved in drug dealing in the City of Roanoke and that he associated with others who were suspected of being involved in the narcotics trade.
 
 
 3
 After it was determined that Perez was a United States citizen many of the officers began to disperse. Prior to leaving the scene, investigator Brown asked Perez if he was in possession of any guns or illegal drugs. Perez removed his hands from his pockets, threw them up in the air and stated that he was not. Investigator Brown and Agent Salamme, who was also still present, then observed a plastic bag containing aluminum foil wrappings, associated with the drug trade, protruding from Perez's pocket. Investigator Brown seized the bag, placed Perez under arrest, and then transported him to the Roanoke City Vice headquarters. The bag was found to contain crack cocaine. After being advised of his rights and signing a rights waiver form, Perez gave an incriminating statement that was used against him at trial.
 
 
 4
 Prior to trial, Perez made a motion to suppress the crack cocaine recovered on the night of his arrest. He argued that the plastic bag containing cocaine was not in plain view; but, was recovered during an illegal search of his person. The district court denied that motion. Perez then made a motion to suppress the incriminating statement, contending that it was not voluntarily given. That motion, too, was denied. Following his conviction, Perez moved for a new trial and also renewed his suppression motions at that time. These motions were also denied. Now Perez appeals.
 
 
 5
 We address together Perez's contentions regarding the use of the crack cocaine evidence at trial. First, he argues, as he did before the district court following the trial, that agent Salamme's post-trial conviction for making a false statement to the federal government in violation of 18 U.S.C. § 1001 renders his testimony inherently incredible. Once agent Salamme's testimony is disregarded, he argues, the trial judge's determination that the crack cocaine was in plain view cannot stand. We do not agree. The trial judge must make witness credibility determinations with respect to the introduction of evidence and could have fairly determined that agent Salamme gave truthful testimony despite this conviction. In any event, agent Salamme's testimony merely corroborated that of investigator Brown, who testified that the plastic bag containing cocaine came into view when Perez removed his hands from his pocket.
 
 
 6
 We also reject Perez's broader contention that the crack cocaine was recovered during an illegal search. A district court engages in a factual determination in resolving a dispute over the nature of an encounter between police and citizen and "we will not disturb such a determination unless it is clearly erroneous." United States v. Porter, 738 F.2d 622, 625 (4th Cir.1984), cert. denied, 469 U.S. 983 (1984), citing United States v. Gooding, 695 F.2d 78, 82 (4th Cir.1982). After hearing conflicting testimony from the arresting officers and Perez, and judging their credibility, the district court made findings of fact and conclusions of law. The court found that the officers' initial contact with Perez was proper, given the INS officers' need to determine his immigration status and the reports of Perez's involvement with illegal drugs. The court made the further finding that the crack cocaine was seized only after Perez's actions caused it to appear in plain view. Based on these facts the court concluded that the evidence was properly seized and could be admitted at trial. In view of these findings, the district court's decision was not error.
 
 
 7
 Lastly, Perez contends that the incriminating statement he made was not voluntary and therefore its use at his trial requires a reversal of his conviction. Although an appellate court must make an independent determination of the issue of voluntariness, the district court's findings of fact on the circumstances surrounding the confession are to be accepted unless clearly erroneous. United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir.1987), cert. denied, 486 U.S. 1010 (1988). The district court, after hearing testimony from Perez and the interviewing officers, and examining the signed waiver form, made specific findings that Perez's capacity for understanding was not impaired, that he was informed of his rights and signed a rights waiver form, and that he did not request the advice of counsel. Based upon this evidence the district court concluded that Perez's statements were voluntary and properly admitted at trial. After our independent review of the record we come to the same conclusion.
 
 Accordingly, the conviction of Perez is
 
 8
 AFFIRMED.